IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: 5:25-cr-1-2 |
| CHRISTOPHER BROCKINGTON, | |
| Defendant. | |

## ORDER

This matter is before the Court on the United States' Motion to Designate Case as Complex and Exclude Time Under the Speedy Trial Act. Doc. 81. In its Motion, the United States asks the Court to declare this case as unusual and complex under 18 U.S.C. § 3161(h)(7)(B) and, consequently, to exclude all time from the date the Motion was filed (January 30, 2025) until further order of the Court from computation under the Speedy Trial Act. Id. at 4. All thirty-seven Defendants have appeared before the Court for their initial appearances and arraignments. At each proceeding, the Court inquired with counsel for each Defendant as to their client's position on the Government's request to designate the case as complex and to exclude time under the Speedy Trial Act. Counsel for every Defendant—with the exception of counsel for Defendant Christopher Brockington—stated on the record and in open court that they did not oppose the Government's Motion and agreed the trial should be designated as complex. The Court granted the Government's Motion and designated the case as complex, but allowed later appearing Defendants and opportunity to oppose the Government's Motion. Doc. 243.

On April 7, 2025, Defendant Christopher Brockington filed a Response in Opposition to the Government's request to designate the case as complex. Doc. 434. The Government filed a Response to Brockington's Objection to Complex Case Designation on May 5, 2025. Doc. 484. Defendant filed a Reply to the Government's Response on May 12, 2025. Doc. 490.

Defendant argues that the case should not be designated as to him, individually, because the charges against him are fairly simple.  Doc. 490.  Defendant argues he is charged in only two counts both counts arise from a single transaction.  Defendant acknowledges that the Government has produced extensive discovery materials in this case, but Defendant argues much of those materials do not relate to the charges against him.  Defendant argues, essentially, that he is accused of engaging in limited, minor conduct, but he has been swept up in a broader more complex case.

The Government, for its part, argues that the Court should not limit its focus on the charges against Mr. Brockington.  Doc. 484.  Instead, the Government contends that under 18 U.S.C. § 3161(h)(7)(B) the Court should consider multiple factors and should consider the case as a whole.

While Defendant's concerns are understandable, his arguments are unconvincing.  Section 3161(h)(7)(B) requires the Court to consider the case as a whole, without singular focus on any particular defendant.  Indeed, under 18 U.S.C. § 3161(h)(7)(B)(ii), a court should consider whether a case is so unusual or so complex, "due to the number of defendants . . . ."  By directing courts to consider the number of defendants in a case, the plain language of the statute cuts against a defendant-by-defendant analysis when evaluating the complexity of a case.  Mr. Brockington also argues that he will largely proceed individually in this case.  Doc. 490 at 3 (suggesting Mr. Brockington will appear before the Court alone on any pretrial motions, for any change of plea, or for trial).  Mr. Brockington's contention is speculative.  At this point, no party has sought to sever the case or trial for any individual Defendant, and the law favors a single trial for all defendants indicted together in a case like this.  Additionally, even if Mr. Brockington does appear for some Court proceedings individually, that fact does not diminish the complexity for the case as a whole.

Considering the case as a whole—as the Court must—it is clear that this case is complex and should remain designated as such. This case involves allegations that 37 defendants, and others, were members of a conspiracy that engaged in a drug trafficking conspiracy that spanned from in or about January, 2021 through January, 2025. Doc. 3. The United States alleges that the charged conspiracy spans almost four years in multiple cities, counties, and jurisdictions. The 57-page Indictment charges 60 separate counts involving drug trafficking, firearms offenses, and money laundering, that occurred in Atkinson, Bacon, and Coffee Counties in the Southern District of Georgia. Discovery in this case is extraordinarily voluminous and includes items obtained in various ways, including search warrants, wiretaps, pole cameras, and GPS trackers. The discovery materials include, among other things, social media account information, information obtained through and related to dozens of controlled buys of drugs and firearms, extensive body camera and dash camera footage, toll records, and multiple expert witnesses. This case is inherently complex and warrants exclusion of time from the Speedy Trial Act computation due to that complexity. While Defendant and the public have an interest in speedy resolution of this case, that interest is outweighed by the complexity of the case and the need for adequate time for all Defendants to prepare to defend against the charges.

Therefore, after careful consideration, and for good cause shown, the Court **OVERRULES** the Defendant's Opposition, doc. 434, and finds that the ends of justice served by designating this case as complex and excluding time under the Speedy Trial Act outweigh the best interest of the public and the Defendant in a speedy trial. This case shall remain designated as complex as to all Defendants, including Christopher Brockington. In making this determination, the Court has considered both the number of Defendants, the nature of the prosecution, and the volume and complexity of discovery involved in the case. The Court, therefore, concludes that absent a continuance under the Speedy Trial Act, it would be

unreasonable to expect adequate preparation for trial or pretrial proceedings. The Court declares this case unusual and complex under 18 U.S.C. § 3161(h)(7)(B) and excludes all relevant time from January 31, 2025 until further order of the Court from computation under the Speedy Trial Act.

**SO ORDERED**, this 21st day of May, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA